UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSOUD SHADZAD, | No. C 08-4437 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MATTHEW CATE, | |
| Respondent. | |

Massoud Shadzad, an inmate at the Sierra Conservation Center in Jamestown, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The lone claim in his petition is that his sentence is unconstitutional because the facts supporting his upper term sentence were not found by a jury to be proven beyond a reasonable doubt. That sentence was imposed in 1998 in the Santa Clara County Superior Court. For the reasons discussed below, the petition will be summarily dismissed because the Blakely and Cunningham cases on which he relies do not apply retroactively.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

1    The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause. Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968). The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90 (2000). The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). The Court reaffirmed this basic principle when it determined that the federal sentencing guidelines violated the Sixth Amendment because they imposed mandatory sentencing ranges based on factual findings made by the sentencing court. See United States v. Booker, 543 U.S. 220, 233-38 (2005). The sentencing guidelines were unconstitutional because they required the court to impose an enhanced sentence based on factual determinations not made by the jury beyond a reasonable doubt. Id. at 243-245.

In Cunningham v. California, 549 U.S. 270 (2007), the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence. Id. at 288-89. The sentencing court was directed under the DSL to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. Id. at 277. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the California sentencing law

2

violated the rule set out in Apprendi. Id. at 288-89, 293. Although the DSL gave judges broad discretion to identify aggravating factors, this discretion did not make the upper term the statutory maximum because the jury verdict alone did not authorize the sentence and judges did not have the discretion to choose the upper term unless it was justified by additional facts.

In Teague v. Lane, the Supreme Court held that a federal court may not grant habeas corpus relief to a prisoner based on a constitutional rule of criminal procedure announced after his conviction and sentence became final unless the rule fits within one of two narrow exceptions. Teague v. Lane, 489 U.S. 288, 310-316 (1989). Shadzad's petition for review was denied by the California Supreme Court on August 16, 2000. See People v. Shadzad, Cal. S. Ct. No. S090098. His conviction therefore became final in 2000.

Neither Blakely nor Cunningham was decided before Shadzad's conviction became final. The Supreme Court has not made Blakely retroactive to cases on collateral review of convictions that became final before Blakely was decided. Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005). In Schardt, the petitioner's conviction became final on December 22, 2000, after Apprendi was decided on June 26, 2000, but before Blakely was announced on June 24, 2004. Id. at 1034. The Ninth Circuit found that although petitioner's sentence violated the Sixth Amendment's right to a jury under Blakely, habeas relief was not available because the Blakely decision announced a "new rule" that does not apply retroactively to cases on collateral review. Id. (citing Teague v. Lane, 489 U.S. 288, 301 (1989)). Similarly, Shadzad's conviction became final in 2000, almost four years before Blakely was decided. Thus, as in Schardt, Shadzad is not entitled to relief on this claim because the rule in Blakely does not apply retroactively to this case. Cunningham, which was essentially a California-specific application of Blakely, also has not been made retroactive to cases on collateral review before Blakely was decided. Cf. Butler v. Curry, 528 F.3d 624, 633-35, 639 (9th Cir. 2008) (application of Cunningham to petitioner whose conviction became final after Blakely was not barred by Teague). The fact that Apprendi was decided several months before Shadzad's conviction became final does not aid him because his claim must rely on Blakely, and that was not decided until after his conviction became final.

Here, Shadzad's conviction became final before <u>Blakely</u> and <u>Cunningham</u> were decided. <u>Teague</u> prevents the retroactive application of those cases to Shadzad's habeas petition. Accordingly, the petition for writ of habeas corpus is DISMISSED.

The petition is dismissed for the separate and independent reason that petitioner never paid the filing fee or applied to proceed <u>in forma pauperis</u>.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: December 18, 2008

_____
SUSAN ILLSTON
United States District Judge